UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN & JULIA SOAPES,                          Case No. _____
     Plaintiffs

v.

FEDERAL INSURANCE COMPANY,
     Defendant

_____/

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1332 & 1441

PLEASE TAKE NOTICE THAT Defendant Federal Insurance Company ("Defendant"), hereby removes to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' state court complaint and are being filed in the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida.

### INTRODUCTION

1.     On May 12, 2023, the Plaintiff's filed a complaint in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, styled as *John & Julia Soapes v. Federal Insurance Company*, Case No. 2023-CA-002817 . **See Exhibit A, State Court Action.**

2.      The State Court Action alleges a breach of contract by the Defendant, concerning a policy contract numbered 001521290302 (Complaint ¶ 6) and a claim numbered 076922033375 (Complaint ¶ 11), which regards alleged damage to insured property located at 2048 Alaqua Lakes Blvd., Longwood, FL 32779 (Complaint ¶ 8). The Complaint further alleges that the Defendant "acknowledged that the Property sustained a covered Loss" and made payment, but that Defendant has not "adequately provide[d] coverage under the terms of the Policy." (Complaint ¶ 12, 13, 14).

3.      The Complaint seeks unspecified monetary relief in excess of $50,000.00, excluding attorney's fees, interest and costs. (Complaint ¶ 1).

4.      The Defendant has filed an appearance in the State Court Action. No further proceedings have occurred in the State Court Action.

5.      Defendant denies the Plaintiffs' allegations that the Defendant did not adequately cover or pay the claim, and that the Defendant breached the policy contract. It admits the allegations necessary for jurisdictional grounds as discussed below but does not admit that the Plaintiffs are entitled to the relief requested.

**BASIS FOR REMOVAL**

**I. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

6.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater

than $75,000, exclusive of interest and costs. Therefore this action could have originally been filed in this Court and is now properly removed to this Court.

**a. A complete diversity of citizenship exists between the parties**

7.      The citizenship of an individual for purposes of diversity jurisdiction is determined by his or her domicile. Here, the Complaint alleges that both of the Plaintiffs are individuals who "at all times material hereto have resided in Seminole County, Florida." Complaint ¶ 2. Records maintained by the Seminole County Property Appraiser and the Seminole County Tax Collector also demonstrate that the Plaintiffs have applied for an receive a homestead exemption on their tax assessment and that they receive their mail at the insured address in Seminole County, Florida. **See Exhibit B, Tax Collection 2022 Bill and Exhibit C, Property Appraiser Records.** Such homestead exemptions are made available to "[a] person who . . . has the legal title or beneficial title in equity to real property in this state and **who in good faith makes the property his or her permanent residence** or the permanent residence of another or others legally or naturally dependent upon him or her . . ." Fla. Stats. § 196.031(1) (emphasis added). The Plaintiffs are therefore domiciled in Florida and citizens thereof.

8.      Federal Insurance Company is a corporation incorporated under the laws of the State of Indiana, and with a principal place of business in New Jersey. **See Exhibit D, Indiana Secretary of State Business Information.** For the purposes of 28 U.S.C. § 1332, a corporation is a citizen both of the state by which it has been incorporated and the state

where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Defendant is

therefore a citizen of Indiana and New Jersey, and is not a citizen of Florida.

9.       In addition, for purposes of 28 U.S.C. § 1441(b)(2), this case is not

disqualified for removal, because the Defendant is not a citizen of the state where the

State Court Action was brought.

10.      Subject matter jurisdiction therefore exists based on diversity of citizenship

pursuant to 28 U.S.C. § 1332.

**b. The amount in controversy exceeds the jurisdictional minimum**

11.      Although the Complaint alleges an amount in controversy which exceeds

$50,000, it does not state the actual amount in controversy. The statement that the amount

in controversy exceeds $50,000 is a jurisdictional prerequisite for the commencement of

an action in the circuit courts in Florida, but it does not contradict a statement that the

amount in controversy exceeds the jurisdictional minimum of $75,000.00 exclusive of

interest and costs set forth in 28 U.S.C. § 1332(a).

12.      Under Florida law, an insured who wishes to file a lawsuit against a

property insurance company must first file a notice of intent to initiate litigation ("Notice

of Intent") with the state Department of Financial Services. See Fla. Stats. § 627.70152(3).

13.      The Plaintiffs in this case filed a Notice of Intent on May 1, 2023, identifying

that it pertains to Claim Number 076922033375, Policy Number 001521290302, and a

property located at 2048 Alaqua Lakes Blvd., Longwood, FL 32779. This policy and claim

4

are identical to the policy and claim identified in the Complaint. In the Notice of Intent, the Plaintiffs identify the estimate of damages to be $302,764.00, well in excess of the $75,000 jurisdictional minimum set forth in 28 U.S.C. § 1332. **See Exhibit E, Notice of Intent.**

14.     The Court therefore has subject matter jurisdiction over this action and removal is proper.

## II. Defendants Have Satisfied the Procedural Requirements for Removal

15.     Plaintiffs filed the State Court Action on May 12, 2023 and served the Complaint upon the Defendant on June 30, 2023. Accordingly, this Notice of Removal has been timely filed. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

16.     This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Middle District of Florida, Orlando Division, encompasses Seminole County, Florida.

17.     Florida has personal jurisdiction over both the Plaintiffs and Defendant, as the Plaintiffs are both citizens of Florida, and the Defendant has contracted to insure real property located in Florida. See Fla. Stats. §48.193(1)(a)4.

## **RESERVATION OF RIGHTS**

18.    All rights and defenses are reserved, including, but not limited to, defenses

and the right to move for dismissal of the Complaint for, e.g., failure to state a claim for

relief and failure to sue the appropriate parties. The filing of this Notice of Removal is

subject to, and without waiver of, any such defenses and objections.

WHEREFORE, Defendant hereby gives notice that the pending above-mentioned

State Court Action is hereby removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 et

seq.

Dated: July 25, 2023                        /s/ Michael Colgan
                                            Michael O. Colgan, Esq.
                                            Bar No. 27625
                                            Attorney for Defendant
                                            Kelley Kronenberg
                                            20 N. Orange Ave.
                                            Suite 704
                                            Orlando, FL 32801
                                            Tel:    (407) 648-9450
                                            Fax:    (407) 648-4167
                                            mcolgan@kklaw.com
                                            jpeterman@kklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 25th day of July 2023, I electronically filed the foregoing document with the Clerk of Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

**KELLEY KRONENBERG**

/s/ *Michael Colgan*

**Michael Colgan, Esq.**
Fla. Bar No.:  27625
mcolgan@kelleykronenberg.com
20 North Orange Avenue
Suite 704
Orlando, FL  32801
Telephone: (407) 648-9450
Facsimile:  (407) 648-4167
Attorneys for Chubb
Address for service of pleadings only:
jpeterman@kelleykronenberg.com
mceservice@kelleykronenberg.com